Hand-Delivered

FILED
CHARLOTTE, NC

AUG 17 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**AYANA JACKSON,**

**Plaintiff,**

**v.**

**COSTCO WHOLESALE CORPORATION,**

**Defendant.**

**Civil Action No.** 3:26-cv-675-KDB

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Ayana Jackson, proceeding pro se, alleges as follows against Defendant Costco Wholesale Corporation.

## I. PARTIES

**1.** Plaintiff Ayana Jackson is an adult resident of Mecklenburg County, North Carolina.

**2.** Defendant Costco Wholesale Corporation ("Costco") is a corporation doing business in North Carolina, including at its warehouse located at 500 Tyvola Road, Charlotte, North Carolina 28217.

**3.** Costco employed Plaintiff at its Charlotte warehouse from approximately August 30, 2024 until August 29, 2025. Plaintiff ultimately worked as a Member Service Assistant.

**4.** At all relevant times, Costco employed the number of employees required for coverage under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA").

## II. JURISDICTION AND VENUE

**5.** This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

**6.** This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and jurisdiction over Plaintiff's federal employment-discrimination claims.

**7.** Venue is proper in the Western District of North Carolina because Plaintiff worked for Costco in Charlotte, North Carolina and the employment practices at issue occurred primarily within this District.

## III. ADMINISTRATIVE EXHAUSTION

**8.** Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 430-2026-00417, asserting claims including sex discrimination, sexual harassment, retaliation, and disability discrimination.

**9.** On June 11, 2026, the EEOC issued Plaintiff a Notice of Right to Sue (Issued on Request).

**10.** Plaintiff received the Notice of Right to Sue on June 11, 2026.

**11.** Plaintiff is filing this action within ninety days of her receipt of the Notice of Right to Sue. A copy of the Notice of Right to Sue may be attached as Exhibit A.

## IV. FACTUAL ALLEGATIONS

**12.** Before the events involving Eric Garrison, Plaintiff complained to Costco in February 2025 about inappropriate sexually related comments by another Costco employee, Kevin McDermott. Costco investigated the complaint and issued McDermott corrective action.

**13.** Plaintiff nevertheless believed that her earlier concerns had not been taken sufficiently seriously, which later affected her willingness to promptly disclose intimate and inappropriate conduct involving a manager.

**14.** Eric Garrison was a Front End Manager at Costco's Charlotte warehouse.

**15.** Beginning in approximately April and May 2025, Plaintiff and Garrison communicated personally. Some communications became flirtatious and sexual.

**16.** Plaintiff alleges that on or about May 22, 2025, Garrison verbally discussed helping Plaintiff obtain a position in Costco's pharmacy department in connection with sexual photographs and/or sexual activity.

**17.** The alleged pharmacy proposition was verbal. Plaintiff does not contend that the proposition itself appears in the text-message screenshots between Plaintiff and Garrison.

**18.** After that interaction, Plaintiff and Garrison exchanged flirtatious and sexually explicit communications. Plaintiff sent intimate photographs and participated in sexual communications, and Garrison participated in and encouraged sexual exchanges.

**19.** Plaintiff does not allege that every communication between herself and Garrison was unwelcome. Plaintiff alleges, however, that Garrison introduced an employment-related benefit into the sexual relationship while serving as a manager.

**20.** Plaintiff did not ultimately have sexual intercourse with Garrison and did not receive the alleged pharmacy position.

**21.** In June 2025, Plaintiff's healthcare provider documented severe anxiety and panic symptoms affecting, among other things, her ability to concentrate and communicate effectively at work and recommended that she remain away from work.

**22.** Plaintiff thereafter took disability-related medical leave. Costco and/or its disability benefits administrator received medical documentation concerning the leave.

**23.** On or about July 29, 2025, while still on leave, Plaintiff went to the Charlotte Costco warehouse and spoke in person with Assistant General Manager Saleena Thompson about transferring to Costco's new Indian Land location.

**24.** Plaintiff told Thompson that she wanted to transfer because the work environment at the Charlotte location was not good for her. Plaintiff did not disclose the details concerning Garrison to Thompson during that conversation.

25. On August 18, 2025, while Plaintiff was still on medical leave, Garrison contacted Plaintiff from work, asked when she was coming back, and stated that he missed her. Plaintiff experienced increased anxiety following this contact.

26. On August 28, 2025, Plaintiff submitted a formal complaint through Costco's Ethics reporting system, Reference No. 566096185001, identifying the general nature of the matter as "Sexual Harassment, Retaliation and mishandling of complaint process." Plaintiff identified Garrison as the manager involved.

27. In the Ethics complaint, Plaintiff reported that Garrison had verbally requested nude and sexually suggestive photographs in connection with a job promotion or transfer to another department. Plaintiff also complained about management's handling of the matter and raised concerns regarding her disability-related medical leave and workplace accommodation.

28. Plaintiff expressly requested protection from retaliation and requested that Costco conduct a thorough and impartial investigation.

29. The following day, August 29, 2025, Costco terminated Plaintiff's employment.

30. On September 3, 2025, after Costco acknowledged that it was reviewing and investigating the Ethics complaint, Plaintiff informed Costco through the Ethics reporting system that she had been terminated on August 29 and believed the termination was connected to the concerns she had raised.

31. Thompson told Plaintiff that because Plaintiff was still on leave, she would need to wait until she returned before applying for the transfer.

32. Also on July 29, 2025, Plaintiff encountered Garrison. Plaintiff alleges that Garrison told her he missed her, asked when she was returning, and told her that he would "take care of" her when she returned.

33. Plaintiff continued communicating with Garrison after this interaction.

34. Costco states that on August 15, 2025, General Manager Lindsey Christian received photographs and a screenshot of communications involving Plaintiff and Garrison and thereafter began an internal investigation.

35. Near the end of Plaintiff's medical leave, Costco questioned Plaintiff regarding her relationship and communications with Garrison. General Manager Lindsey Christian conducted questioning in the presence of other management personnel, including male personnel.

36. Plaintiff initially was reluctant to discuss or acknowledge intimate photographs and communications in that setting because she was uncomfortable discussing private sexual matters in front of multiple managers.

37. After Christian informed Plaintiff that Costco had already seen the photographs, Plaintiff acknowledged that she had sent photographs and had communicated sexually with Garrison.

38. During the interview, Plaintiff referred to not having fulfilled her "end of the bargain." Plaintiff states that she meant she had not ultimately had sexual intercourse with Garrison in exchange for the employment opportunity she alleges he discussed with her.

39. Christian asked Plaintiff whether Garrison was the reason for the circumstances that led Plaintiff to take medical leave. Plaintiff responded that he was.

40. Christian asked Plaintiff why she had not reported the situation earlier. Plaintiff explained that she had been afraid to report it and referenced her prior experience after complaining about McDermott.

41. Plaintiff returned from disability-related leave in late August 2025 and sought to pursue a transfer away from the Charlotte work environment.

42. Costco issued Plaintiff multiple Employee Counseling Notices. The notices accused Plaintiff of misconduct arising from the sexual communications and photographs and accused Plaintiff of dishonesty during Costco's investigation.

43. One Counseling Notice expressly relied on Plaintiff's statement that she had never fulfilled her "end of the bargain" sexually with Garrison.

44. Plaintiff did not sign the Counseling Notices.

45. On August 29, 2025, Costco terminated Plaintiff's employment.

46. Costco's termination paperwork identified "Serious Misconduct" and "Relationship Jeopardizes Job" as reasons for termination.

47. Costco also terminated Garrison on August 29, 2025.

48. Plaintiff alleges that Costco improperly treated her participation in the sexual communications and her responses during the investigation as grounds for discipline without adequately accounting for the alleged employment-related proposition and managerial power dynamic she disclosed.

49. Plaintiff further alleges that Costco used statements she made while explaining the alleged sexual arrangement as grounds for discipline against her.

50. Plaintiff had recently returned from disability-related medical leave when Costco imposed the discipline and terminated her.

51. The North Carolina Division of Employment Security later determined, for purposes of unemployment benefits, that Plaintiff's discharge was not for misconduct connected with the work. Plaintiff does not allege that this determination by itself establishes unlawful discrimination.

As a result of the alleged unlawful conduct and termination, Plaintiff has suffered emotional distress and other damages. Plaintiff obtained subsequent employment approximately one month after her termination and does not seek wage loss for periods in which no recoverable wage loss exists.

## V. COUNT I – TITLE VII SEX-BASED HARASSMENT / QUID PRO QUO

53. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

54. Plaintiff is a woman and is protected from sex discrimination under Title VII.

55. Plaintiff alleges that Garrison, while serving as a Costco manager, introduced an employment-related opportunity into sexual communications by verbally discussing assistance in obtaining a pharmacy position in connection with sexual photographs and/or sexual activity.

56. Plaintiff alleges that the employment-related sexual proposition was inappropriate and based on sex.

57. Plaintiff alleges that Costco later learned of the sexual communications and of Plaintiff's description of the alleged bargain during its investigation.

58. Plaintiff alleges that Costco subjected her to adverse employment consequences arising from the same sexual relationship and ultimately terminated her.

59. Plaintiff alleges that the foregoing conduct violated Title VII. Plaintiff seeks all relief available under applicable law.

## VI. COUNT II – TITLE VII RETALIATION

60. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61. During Costco's investigation, Plaintiff disclosed the alleged employment-related sexual arrangement involving Garrison, explained why she had been afraid to report it earlier, and referenced her prior complaint concerning inappropriate sexual conduct. On August 28, 2025, Plaintiff also submitted a formal Costco Ethics complaint expressly reporting sexual harassment and retaliation and requesting protection from retaliation.

62. Plaintiff alleges that these disclosures constituted opposition to conduct she reasonably believed was unlawful under Title VII.

63. After these disclosures, Costco issued Plaintiff multiple disciplinary notices and terminated her employment on August 29, 2025.

64. Plaintiff alleges that Costco's stated reasons for the termination were pretextual in whole or in part and that her protected opposition was a but-for cause of the adverse action.

65. Plaintiff alleges that Costco retaliated against her in violation of Title VII.

## VII. COUNT III – ADA DISABILITY DISCRIMINATION

66. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

67. Plaintiff had a documented mental-health impairment that, when active, affected major life activities including concentrating and communicating and resulted in disability-related medical leave.

68. Costco and/or its disability benefits administrator received medical documentation concerning Plaintiff's impairment and leave.

69. Plaintiff returned from disability-related leave in late August 2025.

70. During Costco's investigation, Plaintiff told Christian that Garrison was the reason for the circumstances that led to her medical leave.

71. Within days of Plaintiff's return from leave, Costco disciplined and terminated Plaintiff.

72. Plaintiff alleges that her disability and/or Costco's knowledge of her impairment and disability-related leave was a motivating factor in adverse employment action against her, in violation of the ADA.

## VIII. COUNT IV – ADA RETALIATION

73. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

74. Plaintiff engaged in activity protected by the ADA by utilizing disability-related leave and communicating with Costco concerning her disability-related limitations and return to work.

75. Costco knew of Plaintiff's disability-related leave and medical documentation.

76. Costco terminated Plaintiff shortly after her return from disability-related leave.

77. Plaintiff alleges that Costco's asserted reasons for termination were pretextual in whole or in part and that protected ADA activity was a but-for cause of the adverse action.

78. Plaintiff alleges that Costco retaliated against her in violation of the ADA.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award relief permitted by law, including:

- Compensatory damages for emotional distress and other nonpecuniary losses to the extent permitted by law;
- Punitive damages to the extent permitted by law and supported by the evidence;
- Prejudgment and post-judgment interest as permitted by law;
- Costs of this action and any other recoverable expenses permitted by law;
- Declaratory and/or injunctive relief as appropriate; and
- Such other and further relief as the Court deems just and proper.

## X. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

AYANA JACKSON, Plaintiff Pro Se
4617 Esmeralda Drive
Charlotte, NC 28269
Telephone: 309-922-3701
Email: ayanajackson63@yahoo.com

Date: 8-17-2026

**EXHIBIT A – NOTICE OF RIGHT TO SUE**

Attach a copy of the EEOC Notice of Right to Sue issued and received June 11, 2026.